Filed 11/30/23  In re Steven G. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re STEVEN G., a Person Coming Under the Juvenile Court Law. | B323133 (Los Angeles County Super. Ct. No. 22CCJP01778A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LAURA G., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tara Newman, Judge.  Affirmed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

The juvenile court asserted dependency jurisdiction over 11-year-old Steven G. and ordered him removed from his father. His mother sought to have Steven placed with her.  Because substantial evidence supports the court's finding that placing Steven with mother would cause him physical and emotional detriment, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     The Family

Eliseo G. (father) and Laura G. (mother) married in December 2012, and initially lived in El Salvador.  They had two children together—Steven (born May 2012) and Josue (born 2015).

In 2016, father and Steven immigrated to the United States.  In 2018, father met Dolores M., and they started dating. Thereafter, Dolores and her then-eight-year-old daughter Kenia moved in with father and Steven.  Father and Dolores then had a child together—Victoria (born December 2021).  Although not biologically related, Steven came to view Dolores as his mother and Kenia as his sister.  Since Steven left El Salvador in 2016,

2

mother's sole contact with him has been through occasional telephone calls. These calls became more infrequent over the years, and finally ceased completely.

## II. Domestic Violence Incident

On Sunday, April 24, 2022, Dolores entrusted father with caring for Steven, Kenia, and Victoria while she went to work, but found the kids unattended when she returned home at 8 p.m. that evening. When father came home at midnight "under the influence of something," he and Dolores argued. The verbal argument escalated into physical violence when father grabbed Dolores by the hair and threw her to the ground; she was holding Victoria at that time. Kenia attempted to call the police, but father gruffly grabbed the phone, causing bruising to Kenia's arm. Father then fled the scene. Both Dolores and Victoria suffered injuries and needed medical treatment.

## III. The Petition

On May 9, 2022, the Los Angeles County Department of Children and Family Services (the Department) filed a petition asking the juvenile court to exert dependency jurisdiction over Steven on the grounds that (1) the "history of . . . violent altercations" between father and Dolores "in [Steven's] presence" places him "at risk of serious physical harm" (thereby rendering jurisdiction appropriate under Welfare and Institutions Code section 300, subdivisions (a) and (b)(1));[1] and (2) father's "history of substance abuse" "renders [him] incapable of providing regular care of" Steven, placing him at substantial risk of serious

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

3

physical harm (thereby rendering jurisdiction appropriate under section 300, subdivision (b)(1)).[2]

The juvenile court ordered Steven detained from his home; ordered monitored visits for Steven with Dolores, Kenia, and Victoria; and directed the Department to assess whether Steven could be placed with Dolores.

## IV.    Events Prior to Adjudication

After being notified of the pending proceedings, mother told the Department that she wanted Steven to be placed with her in El Salvador.  Mother was employed and had a strong support system that could help Steven.

Steven had overnight visits at Dolores's home every week from Wednesday through Friday.  The visits generally went well, but Steven sometimes seemed frustrated and angry.  A therapist with a multidisciplinary assessment team stated Steven was sad because he was forced to live apart from Dolores, Kenia, and Victoria.  Steven did not remember mother; said Dolores had raised him for the last four years; and expressed his desire to live with Dolores because *she* was the one who protected him and took care of him.  He refused to go to El Salvador; he did not want to see father and felt abandoned because father had called him only one time on his birthday; and he did not want to speak to mother when she called.  He would only speak with Dolores when she called him.

## V.    Adjudication and Disposition Hearing

The juvenile court held a combined adjudication and disposition hearing on August 24, 2022.  The court sustained the

---

[2]    The Department also alleged that father allowed Dolores to abuse alcohol in the home; this count was dismissed by the court and is not relevant to this appeal.

counts regarding father's domestic violence and substance abuse, and found mother to be nonoffending.[3] As to disposition, the court found it would be detrimental to Steven's physical and emotional well-being for him to return to mother in El Salvador as he had not seen mother since he was four years old; he had since that time been cared for by father and Dolores; and he was bonded to Kenia and Victoria as his siblings, both of whom resided in the United States. The court declared Steven a dependent of the court, ordered him removed from father's custody, and ordered family reunification services for father and mother. Mother's case plan included conjoint counseling with Steven if deemed appropriate, monitored visits in California, and unmonitored telephonic and video visits.

## VI. Appeal

Mother filed this timely appeal.

## DISCUSSION

Mother argues that the juvenile court erred in not placing Steven in her custody.

Where, as here, a juvenile court removes a child from the custody of one parent, section 361.2 requires the court to place the child with the other, noncustodial parent if (1) the parent so requests; and (2) "placement with th[e noncustodial] parent" would not be "detrimental to the safety, protection, or physical or emotional well-being of the child." (§ 361.2, subd. (a).) Assessing whether placement with the noncustodial parent would be

---

[3] On August 3, 2022, the Department had filed a first-amended section 300 petition adding the allegation that father and mother had a history of domestic violence relating to incidents in El Salvador when Steven was seven months old, but the juvenile court did not sustain this allegation.

detrimental to the child "requires [a] court [to] weigh" a variety of factors, including (1) the dependent child's own wishes, (2) the child's relationship (or lack thereof) with the noncustodial parent seeking custody, and (3) the existence and quality of the child's bond with other family members. (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1425, 1427 (*Luke M.*); *In re A.C.* (2020) 54 Cal.App.5th 38, 43 (*A.C.*); *In re C.M.* (2014) 232 Cal.App.4th 1394, 1402 (*C.M.*).)  Because section 361.2 both "evinces [a] legislative preference for placement with the noncustodial parent when safe for the child" (*In re Patrick S.* (2013) 218 Cal.App.4th 1254, 1262), and implements the "constitutionally protected interest" that "[a] nonoffending parent has . . . in assuming physical custody" of her child (*In re A.A.* (2012) 203 Cal.App.4th 597, 605), the Department bears the burden of proving, by clear and convincing evidence, that placement with the noncustodial parent would be detrimental to the child (*C.M.*, at pp. 1401-1402). We review a juvenile court's finding that placing a child with the noncustodial parent will be detrimental under section 361.2 for substantial evidence, and do so by asking whether the record viewed in the light most favorable to the finding is sufficient for a reasonable trier of fact to find detriment by clear and convincing evidence.  (*A.C.*, at pp. 42-43; *In re V.L.* (2020) 54 Cal.App.5th 147, 154-155.)

Substantial evidence supports the juvenile court's finding that placing Steven with mother would be detrimental to his emotional well-being.  Although his wishes are not dispositive, Steven expressed a clear preference not to be placed with mother in El Salvador.  Steven also had essentially no relationship with mother, which is hardly surprising given that he had practically no contact with her for approximately seven years.  Steven also

6

has a very strong attachment to Dolores, whom he viewed as his mother, as well as the two other children in the household whom Steven regards as his siblings. Indeed, he was emotionally upset and saddened being away from them, notwithstanding the regular visits. Ripping Steven from these familiar and comfortable surroundings in order to place him with mother (a stranger, to him) in El Salvador (a strange land, to him) would only exacerbate his emotional distress and cause him emotional harm. (Accord, *A.C.*, *supra*, 54 Cal.App.5th at pp. 44, 40 [finding detriment where the child "ha[d] many friends, enjoy[ed] school, and [was] excelling academically" and did "not want to leave this life" in California to live with a noncustodial parent in the state of Washington]; *Luke M.*, *supra*, 107 Cal.App.4th at p. 1425 [affirming emotional detriment finding where placing the child with a noncustodial parent in Ohio would disrupt a strong sibling bond].)

Mother raises three arguments in response.

First, mother argues this case is factually similar to *In re Karla C.* (2010) 186 Cal.App.4th 1236 (*Karla C.*). It is not. There, the juvenile court found *no* detriment in placing a five-year-old child with her noncustodial and nonoffending father in Peru after her mother had allowed her stepfather to sexually abuse her and planned to continue a relationship with him notwithstanding the sexual abuse. The child in *Karla C.* did not have any of the bonds to siblings or a surrogate mother that Steven has. More fundamentally, *Karla C. affirmed* a finding of no detriment, which merely required the appellate court to find substantial evidence to support that ruling when construing the record in the light most favorable to that ruling; mother here is asking us to *reverse* a finding of detriment, which obligates

7

mother to shoulder the far more onerous burden of showing that the record contains *no* substantial evidence to support that finding. As explained above, mother has not carried that burden.

Second, mother argues that she is a responsible, hardworking parent who had "regular telephone contact" with Steven "prior to juvenile court involvement," and who as yet to visit with Steven solely because she is unable to obtain a visa to travel to the United States. This makes her a better option than father or Dolores, mother continues, because father is able to visit Steven but has declined to do so and because Dolores has yet to make "active efforts to be an approved placement" for Steven. The first portion of this argument is contradicted by the record, which shows mother did *not* maintain regular phone contact with Steven. In any event, mother is essentially asking us to reweigh the facts in order to come to a different decision than the juvenile court. This is beyond our power where, as here, we are reviewing solely for substantial evidence. (*In re I.J.* (2013) 56 Cal.4th 766, 773 [""We do not reweigh the evidence or exercise independent judgment""].)

Third, mother argues that the Department did not produce any evidence from a therapist (regarding her home or other issues) or discuss which services are available to Steven in El Salvador. The absence of a therapist's report is beside the point, as our task under substantial evidence review is to assess the sufficiency of the evidence that *is* in the record rather than grade the Department on what more it might have placed in the record. And the availability of services for Steven in El Salvador does not affect the assessment of whether he would suffer emotional detriment by having to leave what he views as his family.

8

**DISPOSITION**

The juvenile court's dispositional order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ